# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5358-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.C.,

     Defendant-Appellant.

_____

Submitted October 4, 2018 – Decided February 8, 2019

Before Judges O'Connor and DeAlmeida.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 11-06-1052.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, for respondent (Charles C. Cho, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant J.C.[1] appeals from the April 24, 2017 order of the Law Division denying his petition for post-conviction relief (PCR) following an evidentiary hearing. We affirm.

I.

The following facts are derived from the record. E.T. gave birth to Lacey in 1996. Defendant is not related to Lacey, but was in a relationship with E.T. from about the time Lacey was three months old. Defendant had other children with E.T. He and Lacey maintained a father-daughter relationship.

During the underlying criminal trial, Lacey testified that defendant sexually abused her in 2007, when she was ten or eleven years old, by touching her vagina, buttocks, and breasts. After Lacey turned twelve in 2008, defendant sucked on her breasts, including during a "pinching game." Lacey testified that in January 2011, when she was fourteen, she went to defendant's store after school. While she was there, defendant had her sit on his lap, began touching his penis, turned on graphic pornography, touched Lacey's breasts and vaginal area through her clothes, and pressed his penis against her buttocks. Defendant also told Lacey she was "f'ing sexy." Lacey left the store, too scared to report the incident to her mother.

---

[1] We use pseudonyms and initials to protect the identity of the victim.

A-5358-16T2

On January 25, 2011, Lacey told friends that her father was abusing her. A day or two later, one of her friends told a school counselor who, in turn, reported the abuse to authorities. As a result, police interviewed defendant. He initially denied touching Lacey inappropriately. In a later recorded statement, however, defendant admitted that he played a pinching game with Lacy during which he pinched her breasts and nipples, and that he had put his mouth on her breast and tried to bite her nipple through her clothing. He added that they also played a game in which he smacked Lacey's buttocks, but he stopped because they were "taking it to a sexual point." Defendant said that Lacey "comes on to me . . . sexually." When asked about the incident in the store, defendant admitted that Lacey sat on his lap, and that the two watched pornography, but said that Lacey turned on the pornography.

On June 15, 2011, a Hudson County grand jury indicted defendant, charging him with second-degree sexual assault on a victim less than thirteen years old, N.J.S.A. 2C:14-2(b) (count one), third-degree aggravated criminal sexual contact with a child at least thirteen and less than sixteen years old, N.J.S.A. 2C:14-3(a) (count two), second-degree endangering the welfare of a child through sexual conduct, N.J.S.A. 2C:24-4(a) (count three), and fourth-

degree abuse, cruelty, and neglect of a child, N.J.S.A. 9:6-1 and N.J.S.A. 9:6-3 (count four). Count four was dismissed before trial.

At trial, after the State rested, the court held a discussion with counsel regarding defendant's planned testimony. Defendant's counsel revealed that he planned to question defendant about the prior sexual abuse of Lacey by defendant's son, her stepbrother. He argued that the prior abuse was relevant to Lacey's knowledge of sexual activity, and her awareness that a report of sexual abuse against defendant could result in his removal from the household, as revelation of her stepbrother's abuse had resulted in her stepbrother being removed from the home. Counsel argued that Lacey was motivated to fabricate allegations against defendant because she resented his having disciplined her over her cellphone use.

The first time that defendant's counsel raised this issue with the trial court was at the conclusion of the State's case. The court called on counsel to address whether the proffered evidence was admissible under the Rape Shield Law, N.J.S.A. 2C:14-7. Defendant's counsel was unprepared to respond to the court's inquiry. The court excluded the testimony, finding that its evidentiary value, if any, was outweighed by its potential to humiliate Lacey and invade her privacy.

Defendant's counsel later filed a letter arguing that the evidence was admissible under State v. Schnabel, 196 N.J. 116 (2008).  The trial court disagreed.

On January 23, 2014, a jury found defendant guilty of third-degree aggravated criminal sexual contact with a child at least thirteen and less than sixteen years old, N.J.S.A. 2C:14-3(a), and second-degree endangering the welfare of a child through sexual conduct, N.J.S.A. 2C:24-4(a), which were based on acts after Lacey turned thirteen.  He was acquitted of second-degree sexual assault on a victim less than thirteen years old, N.J.S.A. 2C:14-2(b).  The court sentenced defendant to seven years in prison on the second-degree offense, and four years in prison on the third-degree offense, to run concurrently.

Defendant appealed and, before us, argued that the trial court erred when it: (1) failed to give fresh complaint limiting instructions; and (2) barred evidence of the stepbrother's abuse of Lacey.

We affirmed.  See State v. J.C., No. A-0379-14 (App. Div. Aug. 24, 2016). We held that the trial court correctly concluded that evidence of the stepbrother's abuse of Lacey was inadmissible under the Rape Shield Law, and that Schnabel, where evidence of a victim's prior sexual abuse was held admissible, did not apply here.  We also rejected defendant's fresh complaint limiting instructions argument.  That aspect of our decision is not germane to this appeal.

A-5358-16T2

On January 24, 2017, defendant filed a petition in the Law Division for PCR, arguing that his trial counsel was ineffective because he: (1) failed to research and understand the Rape Shield Law, resulting in his failure to make a pretrial motion to admit the evidence of the prior sexual abuse of Lacey and her motive to improperly accuse defendant; (2) attempted to force defendant to plead guilty; and (3) failed to interview a witness, an employee of the store who allegedly was present during the 2011 incident, identified by defendant.

The trial court held an evidentiary hearing, at which defendant's trial counsel testified. He admitted that he was unprepared at trial to address whether the Rape Shield Law precluded the introduction of evidence of the stepbrother's abuse of Lacey. He also described his relationship with defendant as "contentious" and marked by "antagonism." He testified that he put pressure on defendant to accept the State's best offer for a plea agreement, a seven-year term of incarceration, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, given the strength of the evidence against him, particularly his admission of sexual activity with Lacey. Finally, counsel admitted that he did not investigate the possibility of calling as a defense witness the employee identified by defendant.

On April 24, 2017, Judge Patrick J. Arre issued a comprehensive written opinion and order denying defendant's petition. The PCR court noted that on

6

direct appeal we affirmed the court's ruling that evidence of the prior sexual abuse of Lacey was inadmissible. Thus, the PCR court concluded, defendant did not establish that he was harmed by his counsel's failure to make a pretrial motion regarding that evidence, or his failure to cite Schnabel at the time that the issue was first addressed by the trial court. In addition, the court noted that defendant's counsel elicited testimony regarding Lacey's motive to falsely accuse defendant. During cross-examination, counsel questioned Lacey regarding the dispute she had with defendant over her cellphone. She admitted that she was angry with defendant over the incident, and that her accusations against defendant came to light shortly after the incident. Defendant's counsel also addressed Lacey's alleged improper motive during his summation.

The court noted that defendant's argument regarding evidence of the prior abuse of Lacey overlooked the significance of his recorded admission to having engaged in sexual behavior with Lacey. As the PCR court observed, the jury found defendant guilty only of count two and count three, which stemmed from conduct occurring during the same time frame as defendant's admitted sexual assaults of Lacey, including his admissions of sexual activity at the store.

The PCR court also rejected defendant's argument that his decision to reject the State's plea offer was affected by his counsel's erroneous advice that

evidence of the prior sexual abuse of Lacey would be admissible. The court concluded that the record compiled at the evidentiary hearing established that defendant was intent on going to trial despite the strong encouragement of his counsel to accept a plea. Thus, the court concluded, even though trial counsel provided erroneous advice regarding the evidence of prior abuse, defendant did not prove that he was harmed by that advice when he elected to proceed to trial.

Finally, the PCR court rejected defendant's argument with respect to trial counsel's decision not to investigate the witness identified by defendant. The court concluded that defendant failed to produce any evidence with respect to how the testimony of that witness would have assisted in his defense, or changed the outcome of the trial.

This appeal followed. Defendant raises the following arguments:

> POINT I
>
> THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT'S TRIAL COUNSEL'S ACKNOWLEDGED LACK OF PREPARATION MADE HIS TRIAL PERFORMANCE CONSTITUTIONALLY DEFICIENT.

POINT II

THIS COURT SHOULD REVERSE THE [PCR] COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT'S TRIAL COUNSEL'S HOSTILITY TO DEFENDANT MADE HIS TRIAL PERFORMANCE CONSTITUTIONALLY DEFICIENT.

II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Preciose, 129 N.J. 451, 459 (1992). Under Rule 3:22-2(a), a defendant is entitled to post-conviction relief if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]" "A petitioner must establish the right to such relief by a preponderance of the credible evidence." Preciose, 129 N.J. at 459. "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated. State v. Mitchell, 126 N.J. 565, 579 (1992).

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee criminal defendants the right to the effective assistance of counsel. State v. O'Neil, 219 N.J. 598, 610 (2014) (citing Strickland v. Washington, 466 U.S. 668, 686 (1984); State v.

9

Fritz, 105 N.J. 42, 58 (1987)). To succeed on a claim of ineffective assistance of counsel, the defendant must meet the two-part test established by Strickland, and adopted by our Supreme Court in Fritz. 466 U.S. at 687; 105 N.J. at 58.

Under Strickland, a defendant first must show that his or her attorney made errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. Counsel's performance is deficient if it "[falls] below an objective standard of reasonableness." Id. at 688.

A defendant also must show that counsel's "deficient performance prejudiced the defense." Id. at 687. A defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the trial. Ibid. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697; State v. Marshall, 148 N.J. 89, 261 (1997). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697.

10

"We defer to trial court's factual findings made after an evidentiary hearing on a petition for PCR." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016). "However, we do not defer to legal conclusions, which we review de novo." State v. Holland, 449 N.J. Super. 427, 434 (App. Div. 2017).

Having carefully reviewed defendant's arguments in light of the record and applicable legal principles, we affirm the April 24, 2017 order of the Law Division for the reasons stated by Judge Arre in his thorough and well-reasoned written opinion. We add the following comments.

We agree with the PCR court that defendant's arguments with respect to the admissibility of evidence of the prior sexual abuse of Lacey were effectively resolved on direct appeal. "PCR provides a defendant with a means to challenge the legality of a sentence or final judgment of conviction which could not have been raised on direct appeal." State v. McQuaid, 147 N.J. 464, 482 (1997). PCR does not allow a defendant "to relitigate a claim already decided on the merits." Id. at 483. Rule 3:22-5 makes clear that "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or . . . in any appeal taken from such proceedings." An argument is barred from being pursued in a PCR petition "if the issue raised is

identical or substantially equivalent to that adjudicated previously on direct appeal." State v. Bontempo, 170 N.J. Super. 220, 234 (Law Div. 1979).

On direct appeal, we affirmed the trial court's decision to preclude evidence of the stepbrother's abuse of Lacey. As a result, trial counsel's failure to make a pretrial motion regarding the evidence, to be prepared to address the issue when it was raised by the trial court, or to alert the court to the holding in Schnabel earlier, did not harm defendant.

We are also satisfied that defendant did not establish the second prong of the Strickland test with respect to his allegation that his trial counsel failed to interview a witness. "[W]hen a petitioner claims his trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant produced no evidence supporting his claim that the employee he alleges was present at the store when defendant assaulted Lacey would have provided evidence that would have changed the outcome of the trial.

Finally, the record amply supports the PCR court's determination with respect to defendant's decision to proceed to trial. While counsel may have

12

incorrectly advised defendant that evidence of the stepbrother's abuse of Lacey would be admissible, it is clear that defendant was determined to proceed to trial, despite counsel's advice to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13